UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PRECISION TRACKING SOLUTIONS, INC., | ) | |
| | ) | CIVIL ACTION NO. 3:12-CV-626-KKC |
| PLAINTIFF | ) | |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| SPIREON, INC., PROCON, INC., | ) | |
| PROCON GPS, INC., PROCON FLEET | ) | |
| SERVICES, INC., ENFOTRACE GPS, INC. | ) | |
| SYSLOCATE, INC., DRIVEOK, INC. | ) | |
| | ) | |
| DEFENDANTS | ) | |

\* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant's motion to dismiss for failure to state a claim, upon which relief may be granted (DE 18, 19). Defendants' motion to dismiss is denied as moot, because this Court will grant Plaintiff leave to amend its complaint on or before October 1, 2013 to cure two important defects, which are failure to properly plead complete diversity and failure to plead sufficient facts to support claims against each Defendant; After the amended complaint is filed, Defendants may reassert all applicable arguments in a motion to dismiss.

**I. Background**

On December 3, 2012, Plaintiff, Precision Tracking Solutions, Inc. filed a complaint against Spireon, Inc. and six other corporate Defendants. (DE 1). In its complaint, Plaintiff asserts state law claims of breach of contract, intentional interference with contract, fraud, detrimental reliance, and unjust enrichment. (DE 1). Thus, the only asserted ground for subject matter jurisdiction is diversity of citizenship. (DE 1). On February 11, 2013, Defendants together filed a motion to dismiss for failure to state a claim. (DE 18, 19). In that motion,

Defendants made several arguments in favor of dismissal, including that Plaintiff fails to assert wrongdoing as to all Defendants. (DE 19). This is a deficiency in Plaintiff's pleadings that should be remedied in Plaintiff's amended complaint.

**II. The Plaintiff must file an Amended Complaint**

This Court grants Plaintiff leave to amend to properly allege subject matter jurisdiction, as well as to state specific allegations against each Defendant. The failure to properly allege each Defendant's citizenship was not raised by Defendants and Plaintiff's omission does not appear to be in bad faith. As the Sixth Circuit has indicated, a plaintiff is required to assert sufficient allegations to prevent "launching a case into discovery . . . 'when there is no reasonable likelihood that [they] can construct a claim from the events related to the complaint.'" *16630 Southfield Ltd. v. Flagstar Bank*, 2013 WL 4081909, at * 2 (Aug. 14, 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (1955)). In this case, allowing Plaintiff to amend serves to ensure not only that this Court has jurisdiction, but provides Plaintiff with a final chance to allege sufficient factual allegations to permit discovery. Finally, the Sixth Circuit has held that leave to amend is appropriate in some cases, even in absence of a motion to amend. *Brown v. Matauszak*, 415 Fed. Appx. 608, 616 (6th Cir. 2011). As the Sixth Circuit has also noted, "at least three circuits have held that if a complaint is vulnerable to a motion to dismiss, a district court must first permit the plaintiff to file a curative amendment, *even if* the plaintiff does *not* seek leave to amend." *Id.* (internal citations omitted). Thus, under these circumstances, leave to amend is appropriate.

Plaintiff fails to properly allege subject matter jurisdiction in the complaint. "It is well settled that as a matter of statutory construction, diversity of citizenship requires complete diversity between all plaintiffs on one side and all defendants on the other side." *Glancy v.*

*Taubman Ctr., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004). For diversity purposes a corporation's citizenship is considered both its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). In this matter, Plaintiff has not pleaded the citizenship of all seven Defendants. (DE 1). In fact, Plaintiff pleads the required information for only two of seven Defendants. (DE 1). Subject matter jurisdiction is required for a federal court to hear a case, and thus, courts "have an independent obligation to determine whether subject-matter jurisdiction exists . . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Id.* In the instant case, Plaintiff fails to allege enough facts to determine whether diversity exists. If any Defendant in this matter is, or was when it existed, incorporated in Texas or maintains a principal place of business in Texas, diversity would be destroyed because Plaintiff is a citizen of Texas. Thus, on or before October 1, 2013, Plaintiff must submit an amended complaint properly alleging diversity of all Defendants from Plaintiff.

Finally, Plaintiff fails to assert claims against all Defendants. In fact, Plaintiff's complaint focuses on one of the seven Defendants. (DE 1). In its amended complaint, Plaintiff must allege facts to support wrongdoing as to each Defendant. After Plaintiff has filed an amended complaint, Defendants may reassert all applicable arguments in a motion to dismiss.

### III. Conclusion

For the above stated reasons, IT IS HEREBY ORDERED as follows:

(1) Defendants' motion to dismiss (DE 18) is DENIED as moot;

(2) Plaintiff is ordered to amend its complaint on or before October 1, 2013, consistent with this Order.

3

(3) Plaintiff must incorporate all attachments and allegations in its amended complaint. This Court will consider only those claims alleged and documents filed in the amended complaint. L.R. 15.1 of the E.D. of Tenn. (Revised March 4, 2013).

This 20th day of September, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge