UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PRECISION TRACKING SOLUTIONS, INC., d/b/a GPS SECURE IT, <br><br>Plaintiff, <br><br>v. <br><br>SPIREON, INC., and PROCON, INC., <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) No. 3:12-CV-626-PLR-CCS |

# MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are two motions: Defendants' Motion *in Limine* to Exclude Undisclosed Opinions of Plaintiff's Expert [Doc. 66] and Plaintiff's Motion to Continue Trial Date [Doc. 68]. The parties appeared before the undersigned on September 24, 2015, to present oral arguments on these motions. The Court has reviewed the parties' filings and fully considered the parties' positions, and for the reasons more fully stated below, Defendants' Motion in Limine to Exclude Undisclosed Opinions of Plaintiff's Expert [Doc. 66] will be **GRANTED** and Plaintiff's Motion to Continue Trial Date [Doc. 68] will be **DENIED**.

I. **Defendants' Motion *in Limine* to Exclude Undisclosed Opinions of Plaintiff's Expert**

Defendants move the Court to exclude Van Elkins, the Plaintiff's proposed expert in this case from testifying at trial. In support of this request, Defendants contend that Plaintiff's expert disclosure was due on May 9, 2015, and Plaintiff did not meet this deadline. Defendants

maintain that, instead, Plaintiff disclosed Mr. Elkins on June 15, 2015, in response to Defendants' timely expert disclosure. In addition, Defendants argue that Mr. Elkins's expert disclosure [Doc. 56] does not contain an expert report and is composed of boilerplate language and generalizations.

Plaintiff did not respond to the Defendants' motion in writing prior to the hearing. Instead, Plaintiff offered an oral response to the motion at the hearing on September 24, 2015. Plaintiff's counsel acknowledged that Mr. Elkins was not disclosed in a timely manner and did not object to the Defendants' characterization of the disclosure as being generic.

There appears to be no dispute that the Plaintiff failed to comply with the deadline set for its disclosing its in the Scheduling Order. Thus, the Court turns to Rule 37 of the Federal Rules of Civil Procedure to fashion the appropriate remedy. Rule 37 directs that, where a party fails to obey a court order to provide discovery, the court may issue appropriate sanctions including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). The Court finds that in this instance the Plaintiff's failure to timely disclose Mr. Elkins supports prohibiting the Plaintiff from introducing Mr. Elkins's testimony in support of Plaintiff's claims.

The Court finds that exclusion of Mr. Elkins's testimony is appropriate because the disclosure was late and without justification for its tardiness. Further, the Court's own review of the disclosure demonstrates virtually no compliance with Rule 26's requirements for expert disclosures, and specifically, Mr. Elkins does not state his actual opinions, the basis of those opinions, or the facts supporting the opinions. Moreover, the Plaintiff has failed, to date, to offer a report and disclosure signed by Mr. Elkins. Thus, Plaintiff's late disclosure wholly failed to fulfill Rule 26's goal of notifying the opposing party of the opinions likely to be presented at

2

Case 3:12-cv-00626-PLR-CCS   Document 74   Filed 09/28/15   Page 2 of 6   PageID #: 572

trial, and for that reason, the Court cannot find that the Plaintiff's failure to comply with the Court's Scheduling Order was either harmless or substantially justified.

Finally, the Court would note that the Court has elected not to award monetary sanctions, attorneys' fees, or other punitive sanctions against the Plaintiff or its counsel based upon counsel's forthrightness with the Court at the hearing.

Accordingly, the Defendants' Motion *in Limine* to Exclude Undisclosed Opinions of Plaintiff's Expert **[Doc. 66]** is **GRANTED.**

II.     **Plaintiff's Motion to Continue Trial Date**

The Court turns next to the Plaintiff's Motion to Continue Trial Date [Doc. 68], in which Plaintiff moves the Court to continue the trial from its present setting on October 6, 2015, to a later date. In support of this request Plaintiff asserts that: (1) "the parties are still awaiting resolution of the Defendants' Motion for Summary Judgment" and (2) "discovery has not been completed as depositions need to be taken." [Id. at 1]. Plaintiff indicated at the hearing that it not only desired a trial continuance but also wanted certain pretrial deadlines, such as the discovery deadline and expert-disclosure deadline, extended.

Defendants have responded in opposition. Defendants note that this case was filed in December 2012, and they maintain that since the case was filed, "Plaintiff has not actively participated in discovery in any meaningful way." [Doc. 69 at 1]. Specifically, Plaintiff never propounded written discovery and took no depositions. The Defendants maintain that affording the Plaintiff the relief sought would give Plaintiff a "re-do" on this case, without any substantial justification for doing so.

3

Initially, the Court finds that the District Judge issued her decision on the Defendants' Motion for Summary Judgment on September 17, 2015, so the pending Motion for Summary Judgment cannot serve as a basis for continuing the trial in this case. Thus, the Court evaluates the request with reference to the Plaintiff's assertion that the trial should be continued because discovery has not been completed.

Rule 16 of the Federal Rules of Civil Procedure directs that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In addition, motions to extend the time for completing any act, should be filed before the deadline for completing the act expires, and as Rule 6 of the Federal Rules of Civil Procedure directs the Court should extend the time for a "motion made after the time [for acting] has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

The determination of excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship, 507 U.S. 380, 395 (1993). The United States Supreme Court has set out five factors for courts are to balance when determining the existence of excusable neglect: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith. Nafziger v. McDermott Int'l, 467 F.3d 514, 522 (6th Cir. 2006) (citing Pioneer, 507 U.S. at 395).

The Plaintiff's request to continue the trial in this case is evaluated under the good cause standard contained in Rule 16. Though good cause is a lower bar than excusable neglect, the Court finds that the Plaintiff has failed to show good cause for continuing the trial in this case.

4

To the contrary, the Plaintiff has not shown any cause for continuing the trial other than the convenience and preference of the Plaintiff.

Moreover, the Plaintiff is not simply asking the Court to move the trial from one date on the docket to another date, perhaps a few weeks later. The Plaintiff and its counsel have not stated, for example, that October 6 is an unworkable date for their witnesses or due to a family conflict. In reality, the Plaintiff seeks a trial setting that is months in the future *and* entails a resetting of numerous, now-expired pretrial deadlines. The Plaintiff's request that pretrial deadlines be extended must be evaluated for excusable neglect.

In this case, the Court finds that the Plaintiff has not demonstrated excusable neglect that would support extending the expert-disclosure deadline, the discovery deadline, or any other pretrial deadline. In examining the Pioneer factors, the Court finds: (1) the danger of prejudice to the Defendants is substantial because Defendants will be forced to restart this litigation after it has been pending three years; (2) the delay is likely to be very lengthy because the Plaintiff's want to essentially restart this case from the beginning; (3) the Court finds that no reason was given for the delay; (4) the Court finds that the delay was within the reasonable control of the Plaintiff and its counsel; and (5) the Court finds that the Plaintiff has acted in good faith. While the Plaintiff's good faith may weigh in favor of finding excusable neglect, the Court finds that all of the other Pioneer factors weigh against finding excusable neglect, and therefore, the Court finds that the Plaintiff has failed to demonstrate excusable neglect.

Accordingly, the Plaintiff's Motion to Continue Trial Date **[Doc. 68]** is **DENIED**.

5

III. **Conclusion**

In sum, Defendants' Motion *in Limine* to Exclude Undisclosed Opinions of Plaintiff's Expert **[Doc. 66]** is **GRANTED** and Plaintiff's Motion to Continue Trial Date **[Doc. 68]** is **DENIED**. The Plaintiff has three options: it can try this case on October 6, 2015; it can settle its claims against Defendants; or it can seek a dismissal under Rule 41 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

ENTER:

　　s/ C. Clifford Shirley, Jr.
United States Magistrate Judge