UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESEE
AT KNOXVILLE

| | |
|---|---|
| Precision Tracking Solutions, Inc., <br> d/b/a GPS Secure-It, <br><br> *Plaintiff*, <br><br> v. <br><br> Spireon, Inc. and Procon, Inc., <br><br> *Defendants*. | Case No. 3:12-cv-00626-PLR-CCS |

## MEMORANDUM OPINION

This matter comes before the Court on the plaintiff's appeal of the magistrate's decision denying the plaintiff's motion to continue the trial and granting the defendant's motion *in limine* to exclude undisclosed expert testimony. [R. 75]. In support of the motion, the plaintiff details a number of personal difficulties suffered by the plaintiff's counsel over the past few months, and laments that the Court did not rule on the defendant's motion for summary judgment until September 17, 2015.

There is no dispute that the plaintiff failed to comply with the expert disclosure deadline set in the scheduling order, and Rule 37 directs that, where a party fails to provide discovery, the court may issue appropriate sanctions including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). At the hearing before the magistrate, the plaintiff did not attempt to justify the failure to properly disclose its expert. The magistrate therefore held that "the Court cannot find that the Plaintiff's failure to comply with the Court's Scheduling order was either harmless or substantially justified." [R. 74, Page ID 572].

On appeal, the plaintiff raises for the first time the personal difficulties suffered by counsel over the past months. Those issues, including the demise of counsel's mother on August 3, 2015, are quite unfortunate. The plaintiff's expert disclosure, however, was due on May 9, 2015—significantly before any of the personal issues described by counsel. The plaintiff simply does not justify the failure to timely comply with the scheduling order. The magistrate's order granting the defendant's motion *in limine* was not clearly erroneous, and the plaintiff's appeal is **Denied**.

The plaintiff also appeals the magistrate's denial of a motion to continue. Under Rule 16, the scheduling order "may be modified only for good cause and with the judge's consent." Fed R. Civ. P. 16(b)(4). The plaintiff did not offer any cause for continuing the trial to the magistrate apart from the convenience and preference of the plaintiff. Moreover, absent compelling circumstances, issues first raised in an objection to the magistrate judge's ruling are generally waived. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived"). Accordingly, the plaintiff waived its arguments relating to counsel's personal issues by not raising them before the magistrate. The magistrate did not clearly err in denying the plaintiff's motion to continue because that motion was not supported by good cause. That appeal is also **Denied**.

Finally, the plaintiff moves for leave of the Court to voluntarily dismiss its case under Federal Rule of Civil Procedure 41(a)(2). [R 76]. Considering the plaintiff's counsel's personal issues, including the unfortunate death of his mother, a recent surgery, and a recently fractured tibia, the plaintiff's counsel appears unable to physically conduct a jury trial on October 6, 2015.

With counsel unable to effectively argue on behalf of his client, a voluntary non-suit would serve to avoid prejudice to the plaintiff and its right to have its case properly presented before the Court. Accordingly, the plaintiff's motion for a voluntary dismissal [R. 76] is **Granted**. This action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).[1]

**IT IS SO ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**

---

[1] Local Rule 7.2 provides that under exceptional circumstances the Court may act upon a motion prior to the expiration of response time. While the defendants have not yet responded to the plaintiff's motions, the presently scheduled trial date only one week from entry of this order presents exceptional circumstances justifying expedited ruling. Moreover, the defendants will suffer little to no prejudice by the case against them being dismissed. Any prejudice suffered by the defendants in delaying a trial on the merits in this case is outweighed by the prejudice the plaintiff would suffer by having to go to trial with an attorney who, due to injury and illness, is presently unable to effectively represent his client.